DAVENPORT v. STATE.*

(Division A.   Oct. 4, 1926.)

[109 So. 707.   No. 25789.]

CRIMINAL LAW.

    The evidence being wholly insufficient to sustain conviction, peremptory instruction asked by defendant should have been granted.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 935, n. 68 New.

APPEAL from circuit court of Bolivar county.
HON. W. A. ALCORN, JR., Judge.

Arthur Davenport was convicted of murder, and he appeals. Reversed.

*Greek P. Rice, Jr.,* for appellant.

During the evening of the tragedy appellant had just returned from a trip for his stepfather and had come into the room wherein his mother, stepfather and cousin, Lydia Smith, were reading. He came into the room and stayed there for a time and then went into his room where he pulled off his coat.

While the appellant was in his room and just after he had pulled off his coat, he saw his stepfather's automatic pistol lying in his room, toward which he walked and picked it up. He was going to take the gun and put it up where it was usually kept. As he picked it up from the table, he tried to extract therefrom the "clip." As the appellant tried to take the clip out, it hung and he hit it with his hand to drive it back into place in order that he might try again to get it out; the gun fired twice, one ball striking the deceased in the burr of the left ear and the other just above the navel.

Just as the gun fired, the appellant being in his room, a separate and distinct room from that in which the deceased was at the time of the shooting, heard a scream and hurriedly ran into the room wherein deceased had been reading the paper and saw his stepfather on the floor; and falling down on him said, "Mr. Charlie, I would not have done this for the balance of my life." The appellant made no signs of fear nor did he demonstrate any signs that he might run away; but, on the other hand stayed there and did all that he could to help his mother and others in the preparation of the deceased's body.

Later Mr. Derryberry, manager of the plantation, went to Rosedale and secured from the sheriff the automatic that he had turned over to the sheriff when the appellant was put in jail. Mr. Derryberry, after he reached home, with the pistol in the same condition as it was when the appellant was put in jail, went into his garage and attempted to unload the gun, as the appellant had

tried to do the night of the shooting, and as he did so the gun accidentally went off with him and he immediately threw it on the floor and put his foot on it.

This defendant, a boy of eighteen years of age, was tried on a charge of murder and sentenced to life imprisonment. We say that the testimony of the state is wholly inadequate to sustain such a conviction. *City of Jackson* v. *Gordon,* 80 So. 785; *Mile* v. *State,* 54 So. 946; *Joslin* v. *State,* 75 Miss. 838; *McDaniel* v. *State,* 8 S. & M. 401, 47 Am. Dec. 93; *Cumberland* v. *State,* 110 Miss. 521; *Hunt* v. *State,* 108 Miss. 598, is decisive.

*Rufus Creekmore,* Special Agent, for the state.

Does the proof in this case show that the killing was done by the defendant with malice? If it was done with malice, then the motion of counsel for a directed verdict and his motion for a peremptory instruction were properly refused. So also if malice was proved there is no question but that the evidence was sufficient to sustain the jury verdict of guilty. There were no eye witnesses to the actual killing. The state in making out its case relied on the presumption of malice arising from an unexplained killing by the use of a deadly weapon.

The rule has been settled in our courts from the earliest days that where one is accused of murder, the law presumes him to be innocent until the contrary is made to appear; but if it is shown that the killing was done with a deadly weapon, the general presumption of innocence yields to the specific proof, and the law infers that the killing if unexplained was malicious and therefore murder; but if the attendant circumstances be shown in evidence, either by the state or accused, the character of the killing is to be determined by considering them; and if upon a consideration of all the evidence the jury is satisfied beyond every reasonable doubt that the defendant is guilty, then they should find him guilty. *Mc-*

*Daniel* v. *State,* 8 S. & M. 401; *Green* v. *State,* 28 Miss. 687; *Mask* v. *State,* 36 Miss. 77; *Hathorn* v. *State,* 58 Miss. 778; *Bishop* v. *State,* 62 Miss. 289; *Ingram* v. *State,* 62 Miss. 142; *Lamar* v. *State,* 63 Miss. 265; *Raines* v. *State,* 81 Miss. 489; *Riley* v. *State,* 109 Miss. 286.

The rule is well settled that when the facts explaining the killing have been developed by testimony, it is a question for the jury to determine as to whether or not on those facts the weapon was used deliberately or intentionally within the meaning of the rule above quoted. *Raines* v. *State, supra; McGehee* v. *State,* 138 Miss. 822, 104 So. 150; *Johnson* v. *State,* 105 So. 742; and *Hardy* v. *State,* 108 So. 727.

Two shots were fired and two bullets entered the body of the deceased. It is this physical fact that the defendant is unable to explain away. It may be reasonable to suppose that the automatic pistol could accidentally discharge once, but it is not reasonable to suppose that it could accidentally discharge twice in such a short time and in the manner in which the defendant claimed it discharged. It is a matter of common knowledge that there is only one cartridge in the barrel of an automatic pistol at one time and although this cartridge can be accidentally discharged, yet it is highly improbable to say that two cartridges could be discharged from the pistol in such a manner.

So we say, therefore, that from the physical facts in this case, the jury was justified in disbelieving the explanation offered by the defendant and in returning their verdict of guilty as charged.

SMITH, C. J., delivered the opinion of the court.

The evidence is wholly insufficient to sustain the verdict of guilty; consequently the peremptory instruction asked by the appellant should have been granted.

The verdict of the court below will be reversed, and the appellant discharged.

*Reversed.*